IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON A. COLE, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-CV-562 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| MICHELLE MILLER, *et al.*, | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Objections to Report and Recommendation, (hereinafter, Plaintiff's Objections), (Doc. 16), to the Magistrate Judge's January 16, 2015 Report and Recommendation, (Doc. 15), recommending that Plaintiff's motion for partial summary judgment, (Doc. 7), be dismissed without prejudice. Upon independent review by the Court, Plaintiff's Objections are hereby **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. Accordingly, Plaintiff's motion for partial summary judgment is **DENIED WITHOUT PREJUDICE**.

I. BACKGROUND

On March 27, 2014, Plaintiff filed this prisoner civil rights case in the United States District Court for the Northern District of Ohio, making claims of discrimination, invasion of privacy, denial of due process, retaliation, conspiracy, and intentional infliction of emotional distress. (*Compl.*, Doc. 1 at 7, 9-15). On June 4, 2015, Plaintiff filed a motion for partial summary judgment, demanding judgment in his favor against Defendants Miller, Litzenberger, Pytlak, and Christman, in both their official and individual capacities. (Doc. 7 at 1). At the time Plaintiff filed his motion, the Defendants had not yet been served with copies of his Complaint.

1

The case subsequently was transferred to this Court on June 12, 2014 as a result of Plaintiff's motion for change of venue. On January 16, 2015, the Magistrate Judge filed his Report and Recommendation recommending that Plaintiff's partial motion for summary judgment be denied without prejudice because it was filed prematurely. Plaintiff filed Objections to the Magistrate Judge's January 16, 2015 Report and Recommendation on January 26, 2015. (Doc. 16).

## II. ANALYSIS

Plaintiff objects to the Magistrate Judge's recommendation that his motion for partial summary judgment be denied without prejudice for three main reasons. First, he argues that under Rule 56(b), filing a motion for summary judgment is a "valid exercise of the law" and that he filed the motion "in good faith." (Doc. 16 at 1-2). Second, Plaintiff maintains that his motion should not be denied because when he filed his motion for summary judgment, the court had not ordered otherwise. (*Id*. at 2). Third, he insists that no local rule prevented him from filing his motion, and thus the motion should not be denied as premature. (*Id*. at 2). Ultimately Plaintiff insists that his motion should not be "outright denied, but rather 'set aside' until after the defendants have been served." (*Id*. at 1, 2).

This Court has conducted a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b).[1] Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendation, (Doc. 10), the Plaintiff's objections, (Doc. 12), as well as a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the Report and Recommendation in its entirety. In so doing, this Court overrules Plaintiff's Objections.

---

[1] If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff correctly identifies, Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment.  In general, Rule 56(b) sets out the proper time that a summary judgment motion should be filed: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56.  While Plaintiff may be correct that he was within his rights to file his motion for partial summary judgment, "summary judgment should not be granted unless the nonmoving party has had the opportunity to discover information essential to opposition."  *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991) (citing *Routman v. Automatic Data Processing, Inc.,* 873 F.2d 970, 971 (6th Cir.1989) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

In this case, no discovery has taken place; indeed, at the time of Plaintiff's motion, Defendants had not yet been served with process as required by Rule 4 of the Federal Rules of Civil Procedure.  Moreover, to date, Defendants have not yet filed any response to Plaintiff's pleadings.  For these reasons, Plaintiff's motion for summary judgment is premature.  The motion is hereby denied without prejudice.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 326 (1986) (indicating that summary judgment motions are proper after "adequate time for discovery"); *see also Fowler v. Tyndale Pub. House*, No. 09-10272, 2009 WL 2488057, at *1-2 (E.D. Mich. Aug. 12, 2009) (holding that plaintiff's request for summary judgment relief was "at the very least…premature and must be denied without prejudice" until such time as Plaintiff provided the Court with evidence that the defendant had been given an opportunity to receive and respond to the allegations within plaintiff's pleadings); *Harold Wayne Centers v. Brenda Lee Centers*, No. 1:04-CV-130, 2004 WL 3079289, at *3 (E.D. Tenn. Nov. 16, 2004) ("Plaintiff is

not entitled to summary judgment against [the defendants] because the plaintiff has not effected service of process upon these two defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Court cannot grant summary judgment against defendants who have not been served with process.").

Plaintiff should be made aware that the term "without prejudice" means that he is free to re-file his motion after service of process is effected.

### III.    CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections.  The Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation.**  Plaintiff's motion for partial summary judgment (Doc. 7) is **DENIED WITHOUT PREJUDICE**.


**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  February 10, 2015**