IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Aaron A. Cole,                          :

    Plaintiff,                      :

  v.                                    :   Case No. 2:14-cv-562

                                      :   JUDGE ALGENON L. MARBLEY
Michelle Miller, et al.,                    Magistrate Judge Kemp
                                      :

    Defendants.

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss on March 23, 2015, together with a supporting memorandum of law.  Despite the requirement under Local Rule 7.2(a)(2) that a memorandum opposing the motion be filed within 21 days from the date of service of the motion, no such memorandum was filed.  On May 14, 2015, this Court ordered plaintiff to respond within fourteen days, or face dismissal of this action without prejudice for failure to prosecute.  This order was returned as undeliverable to plaintiff on June 11, 2015, and re-mailed to him that same day at his new address.  Plaintiff has not responded to the order.  Consequently, for the following reasons, the Court will recommend that this case be dismissed.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b).  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief.  <u>Dynes v.  Army Air Force Exchange Service</u>, 720 F.2d 1495 (11th Cir. 1983).

Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion.  See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

The facts of this case indicate a clear failure to prosecute.  The Court specifically advised plaintiff in its prior order that this action would be dismissed if plaintiff failed to respond.  That order, as re-mailed, has not been returned as undeliverable, and the Court assumes that plaintiff received it.  Plaintiff has not offered any explanation for the failure to respond.  Therefore, the Court can only conclude that the failure is intentional.  An intentional failure to respond to a court order is sufficient justification for a dismissal.

For the foregoing reasons, it is recommended that this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de_ _novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge